**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4073**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

FRANCISCO LOPEZ, a/k/a Francisco Gonzalez,

Defendant  - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Anderson.  G. Ross Anderson, Jr., Senior District Judge.  (8:08-cr-00628-GRA-13)

Submitted: December 20, 2010      Decided:  January 21, 2011

Before DUNCAN and DAVIS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Joshua Snow Kendrick, JOSHUA SNOW KENDRICK, PC, Columbia, South Carolina, for Appellant.  Alan Lance Crick, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Francisco Lopez appeals the district court's judgment imposing a sentence of 51 months in prison and 5 years of supervised release after he pled guilty to conspiracy to distribute methamphetamine in violation of 21 U.S.C. § 846 (2006). Lopez's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting, in his opinion, there are no meritorious grounds for appeal, but raising the issues of whether the district court complied with Fed. R. Crim. P. 11 when accepting Lopez's guilty plea and whether his sentence is reasonable. Lopez was notified of his right to file a pro se supplemental brief but has not done so. We affirm.

Appellate counsel first questions whether the district court complied with Rule 11 when accepting Lopez's guilty plea, but he concludes the record reveals no error and the district complied with the rule. Because Lopez did not move in the district court to withdraw his guilty plea or otherwise raise Rule 11 error, we review the Rule 11 colloquy for plain error. See United States v. Vonn, 535 U.S. 55, 59 (2002); United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). Thus, it is Lopez's burden to show (1) error; (2) that is plain; (3) affecting his substantial rights; and (4) that we should exercise our discretion to notice the error. See Martinez,

2

277 F.3d at 529. We have reviewed the record and conclude that Lopez has shown no plain error affecting substantial rights.

Appellate counsel next questions whether Lopez's sentence is reasonable, but he concludes there is no procedural error and the sentence is substantively reasonable. We review a sentence under a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). The first step in this review requires us to ensure that the district court committed no significant procedural error, such as improperly calculating the guideline range, failing to consider the 18 U.S.C. § 3553(a) (2006) factors, or failing to adequately explain the sentence. United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). We then consider the substantive reasonableness of the sentence imposed, taking into account the totality of the circumstances and giving "due deference to the district court's decision." Gall, 552 U.S. at 51.

We have reviewed the record and conclude that the district court did not err or abuse its discretion in sentencing Lopez, and his sentence is both procedurally and substantively reasonable. In accordance with the parties' stipulation that Lopez was responsible for at least 1.5 kilograms but less than 5 kilograms of methamphetamine, the probation officer determined his base offense level was 34 under U.S. Sentencing Guidelines Manual § 2D1.1 (2008). Since he met the requirements of the

3

"safety valve" provisions, see 18 U.S.C. § 3553(f) (2006); USSG § 5C1.2, his offense level was reduced two levels under USSG § 2D1.1(b)(11) and the district court was permitted to sentence him below the mandatory minimum. With a three-level reduction for acceptance of responsibility and criminal history category I, his guideline range was 87 to 108 months. The Government moved for a sentence reduction under 18 U.S.C. § 3553(e) (2006); USSG § 5K1.1, and recommended that Lopez's offense level be reduced from 29 to 24, resulting in a recommended sentencing range of 51 to 63 months. Lopez agreed with the calculations and requested that the court go along with the Government's recommendation. After hearing argument from counsel and allocution from Lopez, the district court granted the request and sentenced Lopez at the bottom of the recommended range.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

4

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>